## Department of Environmental Resources

KANE, *Attorney General,* June 7, 1976—You have requested an opinion as to whether field inspectors of the Department of Environmental Resources may institute summary criminal proceedings by the use of citations for violations of the laws administered by the Department of Environmental Resources ("DER"). It is our opinion, and you are advised, that when a statute enforced by the department provides for summary criminal penalties, agents of the department not only may, but are required to, institute such summary proceedings by citation.

The power to initiate summary criminal proceedings for failure to comply with any law is subject to the procedures set forth in Chapter 50 of the Pennsylvania Rules of Criminal Procedure. Specifically, Rule 51, effective September 1, 1975, sets forth the means for instituting proceedings in summary cases and Rule 51A(3) specifies the means of instituting summary proceedings for violations other than traffic and parking offenses. Pursuant to this rule, all "police officers" must institute summary criminal proceedings by citation rather than by complaint. Rule 51C defines a police officer: "For the purpose of this Rule, a police officer shall be limited to a person who has by law been given the powers of a police officer when acting within the scope of his employment. When the police power given by law is limited, a person is a police officer for purposes of this Rule only when acting within the limits of such power."

In order to determine who is and who is not a police officer for the purposes of the rule, it is helpful to look at the history of Rule 51, the comments to Rule 51, and the statutory authority of DER's field inspectors. Rule 51, as originally promulgated on September 18, 1973, effective January 1, 1974, provided the means whereby police officers could institute summary proceedings by citation or arrest without warrant. Rule 51C, as effective at that time, defined police officer as ". . . a police officer shall be limited to a member of the Pennsylvania State Police force, a member of the police department authorized and operating under the authority of any political subdivision and any employee of the Commonwealth or a political subdivision having the powers of a police officer when acting within the scope of his employment." The comment to Rule 51C clearly excluded county detectives and other persons exercising police-type powers from the definition.

On January 23, 1975, the previous version of Rule 51 was rescinded and a new Rule 51 was promulgated which, in Section C, defined a police officer: "For the purpose of this Rule, a police officer shall be limited to a person other than a constable who has by law been given the powers of a police officer when acting within the scope of his employment." (See 5 Pa. B. 224, published February 8, 1975.) However, before this version of Rule 51 became effective, the rule was again amended, and this time defined police officer as originally quoted in this opinion. (See 5 Pa. B. 1829, published July 19, 1975.) This amended version of Rule 51 became effective September 1, 1975. The primary effects of the last amendment to Rule 51 were to modify the comments to the rule and to expand on the rule's

intended effect. Under the original Rule 51 (as effective January 1, 1974) the powers of arrest and citation were coextensive for those persons who came within the definition of police officer and one who did not have the power of arrest did not have the power to issue citations. However, the current Rule 51 clearly indicates in section 51C and in the explanatory note that the power to arrest and the power to issue citations are not related. Citation authority is not dependent upon arrest power nor does citation authority grant the power to arrest.

The intent of Rule 51, as amended, is to vest a wide variety of enforcement officials with the authority to issue citations even though their police powers may be limited. Heretofore, the procedure for instituting summary proceedings varied, with different government officials instituting proceedings by different means for violations of the same statute. We have previously characterized this situation as anomalous (see Opinion No. 26, May 15, 1974, 4 Pa. B. 1112) and urged the Criminal Procedural Rules Committee to review the rules. Recognizing this anomaly, the Rules Committee has eliminated it by amending the rule to provide for a uniform procedure for instituting summary criminal proceedings to be used by all enforcement personnel. Thus, government enforcement officials charged with the power and duty to administer and enforce various statutes and to use summary proceedings as a means of enforcement are now required to initiate those proceedings by citation.

It is necessary, therefore, to examine the powers of DER field inspectors to determine whether they possess the powers necessary to come within the definition of police officer in Rule 51C. Keeping in

mind that such police power need not be full and complete police powers, but may be limited powers, it appears that your personnel do fall within the category of officials intended to be covered by the rule. The powers of DER agents which place them in the category of "police officers" are of two general types: (a) the power to investigate without hindrance; and (b) the power to enforce by means of summary prosecution.

The power to investigate is derived from both general and specific statutory grants of power. Section 1917-A of The Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §510-17, provides that the Department of Environmental Resources ". . . shall have the power and its duty shall be:

"(1) To protect the people of this Commonwealth from unsanitary conditions and other nuisances, including any condition which is declared to be a nuisance by any law administered by the department;

"(2) To cause examinations to be made of nuisances, or questions affecting the security of life and health, in any locality, and, for that purpose without fee or hindrance, to enter, examine and survey all grounds, vehicles, apartments, buildings, and places, within the Commonwealth, and all persons, authorized by the department to enter, examine and survey such grounds, vehicles, apartments, buildings and places, shall have the powers and authority conferred by law upon constables . . ."

In addition to this general grant of power, which covers many situations, there are also specific grants of power in the statutes administered by the

department. For example, section 4 of the Air Pollution Control Act of January 8, 1960, P.L. (1959) 2119, as amended, 35 P.S. §4004, provides Departmental personnel with the power to:

"(1) Enter any building, property, premises or place and inspect any air contamination source . . ."

Similar grants of investigative powers are contained in other statutes. For example, see sections 5(d)(4) and 604 of The Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §§691.5(d)(4), 691.604; sections 6(7), (9) and 9(5) of the Solid Waste Management Act of July 31, 1968, P.L. 788, as amended, 35 P.S. §§6006(7), (9) and 6009(5); section 10(8) of the Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.10(8); section 8 of the Public Bathing Law of June 23, 1931, P.L. 899, 35 P.S. §679; section 15.3(p) of the Surface Mine Conservation and Reclamation Act of May 31, 1945, P.L. 1198, as amended, 52 P.S. §1396.15c(p). Clearly, then, DER agents have the authority to enter property and make the necessary investigations to assure compliance with those laws which the department is responsible for enforcing.

Supplementing the investigation powers is the power to enforce by use of summary prosecutions. Pursuant to section 1901-A of The Administrative Code, 71 P.S. §510-1, DER is authorized to exercise the powers provided by law for the programs listed in section 1901-A. When the statutes provide for summary prosecutions, it naturally is within DER's power to institute the necessary proceedings. In addition, the Air Pollution Control Act and Clean Streams Law also contain specific authority to in-

stitute prosecutions. See 35 P.S. §4004(7) and 35 P.S. §691.604. Therefore, combining the power to institute criminal proceedings with the power to enter, inspect and investigate, it is clear that the department's field inspectors possess sufficient police powers to bring them within the definition of "police officer" as contained in Rule 51C.

In reaching our conclusion, we are mindful of the intent of Rule 51 to provide a uniform procedure for a wide variety of enforcement agents, including those with limited police powers. Again, it is useful to examine the comments to Rule 51. The comments cite examples of enforcement officials empowered to initiate proceedings by citation. These include building inspectors and other municipal code enforcement officials, truant officers and SPCA agents. While many of these officials possess specific statutory grants of arrest powers, others, such as local enforcement agents, have more limited police powers. For example, building inspectors, while not having arrest powers, are authorized to enter, examine, inspect and institute prosecutions for violations of local housing codes. These powers are essentially the same as those possessed by officers and agents of the Department of Environmental Resources. Thus, agents of the Department of Environmental Resources possess sufficient police powers to bring them within the scope of Rule 51 of the Rules of Criminal Procedure and, therefore, are required to institute summary criminal proceedings by citation.

To summarize, officers and agents of the Department of Environmental Resources are entrusted with the duty to administer the various statutes entrusted to the department by Article XIX-A of The Administrative Code and are au-

thorized to exercise the powers set forth in those acts. When an act authorizes the institution of summary criminal proceedings as a means of enforcement, those proceedings must be instituted pursuant to the Rules of Criminal Procedure and specifically Rule 51. Since your personnel come within the definition of police officer for the purposes of the Rule, they are required to institute summary proceedings by citation as set forth in Rule 51A(3).*

*The conditions of Rule 51A(3)(b) most closely reflect the circumstances under which your agents operate and, therefore, the citation should be filed with an issuing authority rather than issued to defendant.